FILED
CLERK OF COURT
2026 MAY 13 PM 12: 16
SUPERIOR COURT
OF GUAM CM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0345-25** |
| | GPD Report No. 25-24365 |
| v. | |
| **ADAM RAY CLUCK,** | **DECISION AND ORDER** |
| DOB: 05/18/1979 | **DENYING** |
| | **DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 13, 2026 for hearing on Adam Ray Cluck's ("Defendant's") Motion to Dismiss ("Motion"). Assistant Attorney General Lucas Wood represents the People, and Attorney Le Roi Enriquez represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

Defendant is charged with Family Violence (as a Misdemeanor). See Amended Magistrate's Complaint (Sep. 27, 2025). The charge stems from an alleged incident in which Defendant was accused of punching his wife, Brook Amber Cluck ("Victim"). Id.

On October 6, 2025, Defendant filed his Motion to Dismiss. Defendant claims dismissal is appropriate because he and Victim reached a civil compromise. See Motion at 2 (Oct. 6, 2025). Victim filed a signed declaration with the Court that same day stating "any claim I have against the Defendant in this case has been compromised" and "I received adequate satisfaction of my claim". See Declaration of Civil Compromise of Victim (Oct. 6, 2025). Victim did not provide any further details on what that satisfaction or compromise entailed. Id.

The Court held a hearing on February 13, 2026. After hearing the arguments of the parties, the Court took the matter under advisement.

Decision & Order Denying Defendant's Motion to Dismiss
CM0345-25, *People of Guam v. Adma Ray Cluck*
Page 1 of 3

## DISCUSSION

Guam law allows for a civil compromise of misdemeanors. Specifically, 8 G.C.A. § 80.90 states as follows:

> (a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

> (b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

> (c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 G.C.A. § 80.90 is based on Cal. Pen. Code §§ 1377 & 1378. See Note at 8 G.C.A. § 80.90. However, Cal. Pen. Code § 1377 specifically excludes the civil compromise of an offense "when it is committed ... by or upon any family or household member". See Cal. Pen. Code § 1377(e). "Family or household members" include "adults or minors who are current or former spouses". See 9 G.C.A. § 30.10(b)(1).

Civil compromises exist to encourage direct restitution to a victim and discourage "criminal prosecution of cases which are in reality of a private rather than public nature". See *People v. Stephen*, 182 Cal.App.3d Supp. 14, 19-20 (1986). However, a family or household member exception to civil compromises is necessary because an inherent power imbalance arises in criminal cases involving family or household member victims. "Domestic violence ... offenses almost always involve victims, who because of their status or condition, or relationship to the defendant, may be unduly influenced to civilly compromise." See *People v. Gokcek*, 138 Cal.App.4th Supp. 8, 21 (2006).

This power imbalance makes it exceptionally difficult to ensure the voluntariness of the agreement and fully vindicate the injury to the public. See *People v. Moulton*, 131 Cal.App.3d Supp. 10, 21-23 (1982) (when dismissing a charge due to civil compromise, "significant consideration" should be given to "the circumstances" of the private settlement and whether the

Decision & Order Denying Defendant's Motion to Dismiss
CM0345-25, *People of Guam v. Adma Ray Cluck*
Page 2 of 3

settlement agreement was "a completely voluntary one"). Therefore, courts cannot allow civil compromises in criminal cases involving family or household member victims.

The Defendant and Victim cannot civilly compromise this case because they share a family or household member relationship through their marriage. Therefore, dismissal of the action is inappropriate under 8 G.C.A. § 80.90(b).

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. This case cannot be dismissed under 8 G.C.A. § 80.90(b) because Defendant and Victim share a family or household member relationship to each other.

**IT IS SO ORDERED** this **May 13, 2026**.

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision & Order Denying Defendant's Motion to Dismiss
CM0345-25, *People of Guam v. Adma Ray Cluck*
Page **3** of **3**